JOHNSON,
Chief Justice, additionally concurs
hi write separately in this matter to reiterate that our decision necessarily takes into account the convoluted and established history of the supplemental benefits program in Criminal District Court. In finding Judge Derbigny committed ethical misconduct, one of my dissenting colleagues fails to appreciate the relevance of this history by discounting the standard and accepted practice of the court providing such benefits for its judges.
As set forth in detail in the majority opinion, this longstanding supplemental benefits program existed for thirty years, long before Judge Derbigny was elected. The Judiciary Commission investigated the judges’ participation in this program in 1994, following which the program was not declared illegal or improper and the Commission declined to impose any discipline. Despite these facts, one of the dissenters declares that Judge Derbigny “must now account for his own role” in the system and suggests Judge Derbigny should be sanctioned. In my view, to demonize this one particular judge when scores of other judges have participated and benefitted *1053 from the same program over thirty years is patently unfair.
For the reasons explained in the majority program, I find Judge Derbigny’s actions did not rise to the level of sanctiona-ble misconduct.